PHINEAS R. HAWKSHURST

*v.*

THE CITY OF ASBURY PARK.

[Filed January 7th, 1904.]

1. The question whether an ordinance, requiring the removal of obstructions in a street, is necessary to entitle the city to maintain ejectment for a portion of the street occupied by an obstruction, is a legal one, upon which a judgment for the city in ejectment is conclusive, and such question cannot be raised in a suit to enjoin the enforcement of the ejectment judgment.

2. A city is entitled to maintain ejectment to recover a portion of a public street wrongfully obstructed, without having previously passed an ordinance relating to the removal of such obstructions.

Heard on bill, answer, replication and proofs.

*Mr. Wesley B. Stout,* for the complainant.

*Mr. John F. Hawkins,* for the defendant.

EMERY, V. C.

Defendant has obtained judgment against complainant in an action of ejectment, brought to recover possession of land within the limits of a public street, upon which complainant's porch and steps, giving access to his house, are located. An injunction to restrain the city from taking possession of the lands included in the verdict and judgment, for the purpose of removing the obstructions within the lines of the street, is sought by this bill. The reason relied on to support the claim for equitable relief is that many like projections and obstructions erected by other abutting owners upon the street still exist, and that no ordinance regulating or relating to the removal of these obstructions on the sidewalks on the street (including com-

plainant's) has been passed. It is claimed that under the general laws regulating cities of' less than twelve thousand inhabitants (*P. L. of 1897 p. 51 § 18 ¶¶ 6, 7*), the city is authorized to make ordinances to prevent and remove obstructions and encumbrances upon the streets and sidewalks, and that in the absence of such ordinance first passed the city has no authority to remove any obstructions of the character now complained of, or to take possession of the premises for that purpose. The general rule is well settled that a municipality .vested with the control of streets may bring ejectment against the person occupying any portion of the established lines of the street or encroaching upon it, and in none of the cases in which the right has been asserted has it been made dependent on a previous ordinance or regulation of any kind establishing the encroachment. The case of *Cross* v. *Morristown, 3 G. E. Gr. 308,* principally relied on, did hold that where the alleged encroachment was within the lines of a street as widened from the actually existing street, an ordinance for widening and for fixing the lines of the street was necessary, but the case is not authority for the present contention that an ordinance is necessary before the city can by an action of ejectment assert its control over obstructions within the admitted lines of existing streets. The city may, if it chooses, regulate · by ordinance the removal of obstructions, and if this method is adopted a hearing must be afforded to the alleged offender (*Dawes* v. *Hightstown, 16 Vr. 127, Supreme Court, 1883*) ; but it may also proceed by action of ejectment, giving the defendant his hearing in this action, upon the fact of obstruction, if denied. In none of the cases in which ejectment is sustained has a previous ordinance regulating or defining the obstruction been considered necessary, and the right to the action has been based solely on the right of the municipality to the control of the streets or public places. *Trustees Methodist Episcopal Church* v. *Hoboken, 4 Vr. 13, 19 (Supreme Court, 1868)* ; *Hoboken Land and Improvement Co.* v. *Hoboken, 7 Vr. 540, 543 (Errors and Appeals, 1874)* ; *Dummer* v. *Den, Spenc. 86.* The question whether a previous ordinance is necessary is, however, a ques-

tion purely legal and in no respect equitable, and it has, there-
fore, for the purposes of this case, been concluded adversely to
the complainant, by the judgment in ejectment, which estab-
lishes the law of this case as between the parties. As a defence,
it is a legal defence and necessarily concluded by the judg-
ment in the action at law. The right of this court to interfere
with the judgment depends upon the question whether the
defence now set up is equitable, and this question, which is the
preliminary question, must, in my judgment, be decided ad-
versely to the complainant.

But if the defence be considered equitable rather than legal,
and the question be still open for this court, my judgment on
this point must be controlled by the decisions of the courts of
law above referred to, and under these decisions the previous
passage of an ordinance is not necessary in order to sustain an
action of ejectment.

The bill must therefore be dismissed.